[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN, RECONSIDERATION ANDARTICULATION (NO. 134)
The defendant in this case has asked the court to decide how capital improvements on the marital home should be handled; that is, who should decide on the need for them and who should pay for them. The court holds that the plaintiff shall have the right to make capital improvements of her choice at her expense. She will reap the benefits thereof by the fact that she has exclusive possession of the house and will also realize 55 percent of whatever the sale price is at the time of sale. Presumably, the improvements shall increase the sales value of the house, and she CT Page 5496-XXXX will benefit from that as well to the extent of the 55 percent of the net.
The other question is whether the defendant may inspect the house under any conditions. Since there is now a stipulation that in the event of a default by the plaintiff for the payment of either the mortgage or the home equity loan the house will be immediately placed on the market, there is no reason for the defendant to inspect. His only interest is limited to receiving 45 percent of the net on the sale of the house or 45 percent of its present value should the plaintiff decide to buy him out with the limitation that the sale in any event shall not be more than four years from the date of the memorandum of decision. There is no basis, therefore, for the defendant to have any right to inspect and the court so holds.
The court also orders that the two stipulations entered into by the parties on September 12, 1996 are hereby approved and made orders of the court.
MARGARET C. DRISCOLL JUDGE TRIAL REFEREE